*809 OPINION.
Love:
The decision of this case depends upon the answer to the question as to whether or not there was a sale made by petitioner to his son-in-law, Ayars, on March 30, 1921, and if there was a sale, what was the March 1, 1913, value of the land.
The record does not disclose the fact that Ayars was to pay off all the debts, whether or not he disposed of the 640 acres of land for enough to balance the amount of the debts. So far as the record discloses, it was the understanding and agreement that should there be an excess above the amount of the debts, realized on such sale, such excess would be paid to petitioner. Under the law of the case, in the absence of a written agreement to assume such debts, Ayars could not be held liable for their payment, either by petitioner or the creditors. Twelve thousand dollars of the total consideration named in the deed has not yet been paid and on the record, petitioner and his home in Illinois would still be liable for that debt. It does not seem reasonable to challenge the terms of the deal between petitioner and Ayars, as testified to by Ayars, and if such were the conditions of that deal, the deed from petitioner to Ayars, while absolute on its face, did nothing more than constitute a trust for the benefit of creditors. The 640 acres of land in Texas, at date of hearing, had not been sold by Ayars, hence we do not know what price petitioner may ultimately receive therefor under his agreement with Ayars. On this point the action of the Commissioner is reversed.
Having decided that there was no sale, it is unnecessary to discuss the March 1, 1913, value of the land. However, wo have found as a fact that the land then had a value of $22,400. There is no deficiency and there is no delinquency penalty due by petitioner for the year in question.

Judgment will he entered for the petitioner.